IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEMARIO DONTEZ WALKER
a/k/a KIRIYAMA Z. SAN
GIVONNI, # L1625                                                                                    PETITIONER

VS.                                                        CIVIL ACTION NO.  1:22-cv-237-HSO-FKB

DERRICK CHAMBERS                                                                              RESPONDENT

**REPORT AND RECOMMENDATION**

Before the Court is the petition [1] for habeas corpus relief filed by Demario Dontez Walker, a/k/a Kiriyama Z. San Givonni.  *See* 28 U.S.C. § 2254.  Walker's original petition [1] contained two grounds for relief.  The State responded to the original petition [1] with its Response [10], along with the state court record.  *See* [11], [12].  Petitioner filed Objections [13] to the Response [10], followed by a Motion to Amend [15], seeking to add four additional claims to the petition.  The State opposes the Motion to Amend, *see* [17], and Petitioner has filed a Reply [20].  After considering the filings, the undersigned recommends that the petition be dismissed with prejudice and that Petitioner's Motion to Amend be denied.

I.      FACTS AND PROCEDURAL HISTORY

In this action, Walker challenges a conviction in the Circuit Court of Greene County, Mississippi, on one count of making false statements and representations to defraud the government, in violation of Miss. Code Ann. § 97-7-10 (1972)(as amended).  [11-1] at 65; *see also* [11-2] at 91 (order amending the indictment).  At the time of the events underlying the indictment, Walker was incarcerated with the Mississippi Department of Corrections ("MDOC") at the South Mississippi Correctional Institution, located in Leakesville, Mississippi, on unrelated

convictions.[1]  The indictment charged Walker with a violation of Mississippi Code Annotated § 97-7-10,[2] "Fraudulent Statements and Representations," alleging that Walker

> in Greene County, Mississippi, on or between June 15, 2017 and June 16, 2017, with the intent to defraud the Circuit Court of Mississippi, did unlawfully, willfully, feloniously, and intentionally make or use any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, to-wit: prepared and submitted to the Circuit Court clerk of Greene County, Mississippi, a court order Granting Motion to Provide Records, Granting Motion for Legal Assistance, and Granting Motion for Summary Judgement, which contained the false signature of Judge Kathy King Jackson, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

[11-1] at 65.

At trial, the prosecution presented testimony from various state officials regarding the order that is the subject of the indictment.  Alicia Box, chief records officer for MDOC at SMCI, testified that on June 15, 2017, someone contacted her by phone requesting documents from Walker's inmate records, which she scanned and sent to the email address specified by the caller. *See Walker v. State*, 340 So. 3d 335, 343 (Miss. Ct. App. 2021), *reh'g denied*, 339 So.3d 795

---

[1] A search of this Court's CM/ECF system reveals that Walker has filed at least nineteen other habeas corpus actions in this court.  *See also Walker v. Jenkins*, No. 1:20-cv-197-HSO-RPM, 2023 WL 2446165 (S.D. Miss. Jan. 27, 2023)(revoking Walker's IFP status in a § 1983 case; detailing Walker's extensive litigation history in Mississippi state and federal courts), *adopted*, 2023 WL 2186434 (S.D. Miss. Feb. 23, 2023); *Walker v. Perry*, No. 1:20-cv-302-HSO-BWR, 2022 WL 8176157, at *9 (S.D. Miss. Oct. 14, 2022)(with attachment listing over seventy § 1983 cases filed by Walker in this and other federal district courts and nearly twenty appeals to the Fifth Circuit).

[2] The relevant portion of Miss. Code Ann. § 97-7-10 provides:

> Whoever, with intent to defraud the state or any department, agency, office, board, commission, county, municipality or other subdivision of state or local government, knowingly and willfully falsifies, conceals or covers up by trick, scheme or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall, upon conviction, be punished by a fine of not more than Ten Thousand Dollars ($10,000.00) or by imprisonment for not more than five (5) years, or by both such fine and imprisonment.

Miss. Code Ann. § 97-7-10(1)(1988).

(2022). On June 16, Box received an email from the same email address with an order purportedly signed by Circuit Judge Kathy King Jackson. *Id.* at 344; *see also* [12-1] at 20, 27. The order, the same one referenced in the indictment, claimed to be an order entered by Judge Jackson in a case pending before the Greene County Circuit Court. *Walker*, 340 So. 3d at 344.

Cecelia Bounds, the Greene County Circuit Court Clerk, testified that on June 16, 2017, she received several phone calls related to the subject order from an unidentified person with an out-of-state area code. *Id.* at 344. In one call, a caller identified as Walker's representative inquired whether the subject order had been entered. *Id.* In another call from the same number, the same caller purported to be an MDOC representative inquiring whether the subject order had been entered. *Id.* During that phone call, Bounds identified background noise consistent with a prison, which led her to believe that the caller was an inmate. *Id.* Both Box and Bounds separately contacted MDOC's Criminal Investigations Division ("CID") about these suspicious phone calls, emails, and orders. *Id.*

Bounds was subsequently contacted by an MDOC official requesting verification of the order and a certified copy of it. *Id.* at 344-345. Because she did not have a copy of the order in her files, the MDOC official sent her a copy. *Id.* When Bounds saw the order, she

> immediately recognized that the electronic signature on the order was not Judge Jackson's signature – which is large and unique. She also knew that Judge Jackson did nothing electronically, especially not signing an order. In her twenty years at the circuit clerk's office, and her twelve years as the circuit clerk, Bounds testified that she had never seen an electronically signed order from Judge Jackson.

3

*Id.* at 345.  Bounds determined that the order had an incorrect cause number and verified with Judge Jackson that she did not sign the order.  *Id.*  Judge Jackson also testified that the order was not authentic because she did not use an electronic signature, and she did not sign the order.  *Id.*[3]

Thereafter, investigators with the CID conducted a search of Walker's person and belongings.  *Id.* at 345.  Officers found a "cell phone charger hanging between Walker's legs." *Id*.  "The officers then searched Walker's belongings and discovered a cell phone, wrapped in cellophane, inside a coffee cup with coffee in it."  *Id.*  Investigators testified that an extraction report obtained from the phone revealed "text messages and email accounts linking the cell phone to Walker, as well as the fraudulent orders on the cell phone."  *Id.* at 346.  "They also found that the cell phone had been recently used to call the Greene County Circuit Court Clerk's Office and SMCI."  *Id.*  An investigator with the Greene County District Attorney's office testified that information on the phone, including audio recordings, pictures, and emails, linked Walker to the cell phone.  *Id.*; *see also* [12-1] at 35-51, 53-84.

Walker proceeded *pro se* at trial, with advisory counsel, and the jury found Walker "guilty of fraudulent statements and representations."  [11-7] at 116; [11-9] at 2.  Pursuant to Mississippi Code Annotated § 99-19-81, the trial court sentenced Walker as a non-violent habitual offender to a term of five years in the custody of the MDOC, to be served without the benefit of parole or any other form of early release.  [11-7] at 118.

---

[3]Additionally, Box and Bounds presented testimony that on June 15-16, 2017, the same out-of-state caller made inquiries about, and Box received from the same particular email address, an order purportedly entered by Judge Jackson that vacated the sentence of another inmate, Horace Ervin ("the Ervin order").  *Id.* at 344-345.  Likewise, MDOC contacted Bounds to verify and obtain a certified copy of the Ervin order.  *Id.*  Judge Jackson also testified that she did not sign the Ervin order.  *Id.* at 345.  Walker's indictment in this case does not reference the Ervin order.  *See* [11-1] at 65.

Through counsel, Walker appealed the conviction and sentence to the Mississippi Court of Appeals, raising two issues for review:

(a) Whether the evidence was sufficient to sustain the verdict; and

(b) Whether the trial court erred in finding that the defendant had "opened the door" to allow evidence of other crimes or bad acts.

[12-5] at 3.

Walker filed a *pro se* brief raising the following issues:

(c) The court erred in denying the motion to dismiss due to violation of due process and in denying the motion (242) to suppress evidence illegally obtained or illegally searched. *Id.* at 27.

(d) The court erred in constructively amending Walker's indictment. *Id.* at 28.

(e) The state failed to prove the statutory elements of Miss. Code Ann. § 97-7-10 and also the non-statutory factual allegations that Walker prepared and submitted the orders to the Greene County Circuit Court Clerk. *Id.* at 33.

(f) The court erred in allowing appellant to proceed *pro se* at trial and in pretrial proceedings. *Id.* at 40.

(g) There is insufficient evidence for the jury to base a finding of guilt and sentence beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis consistent with innocence. *Id.* at 51, 65.

(h) The court erred in allowing Kathy King Jackson to testify. *Id.* at 55.

(i) The court erred in not appointing an investigator to assist with the appellant's defense. *Id.* at 63.

In a *pro se* supplemental brief, Walker raised one final issue:

(j) Mississippi Code sections 13-5-1 and 13-5-8 (concerning jury service) are unconstitutional, and Walker was denied the right to a jury venire of a fair cross-section of the community. *Id.* at 124, 127-128.

The Mississippi Court of Appeals affirmed Walker's conviction and sentence, and it later denied rehearing. *See Walker*, 340 So. 3d 335. Thereafter, Walker sought review before the Mississippi Supreme Court, which denied certiorari on June 2, 2022. *See* [10-3].

On July 6, 2022, Walker filed a motion for post-conviction collateral relief in the Circuit Court of Greene County. *See* [10-4]. By order entered on August 1, 2022, the Circuit Court of Greene County dismissed the motion, finding that it was without jurisdiction because Walker failed to first obtain an order from the Supreme Court of Mississippi granting leave to file such motion in the trial court. [10-5] (citing Miss. Code Ann. § 99-39-7). According to the State's answer, Walker has not filed any applications for leave to seek post-conviction relief related to this conviction in the Mississippi Supreme Court. [10] at 11. This court's search of the Mississippi Supreme Court's general docket yields the same conclusion. *See* https://courts.ms.gov/ (last visited May 26, 2023).

Walker signed the instant petition for habeas corpus relief on June 9, 2022, [1] at 15, and it was subsequently filed in this court on September 6, 2022. *Id.* at 1. The petition presents two grounds for relief:

Ground One: Actual Innocence; and

Ground Two: Improper Jury.

The State answered the petition on November 30, 2022. *See* [10]. Less than a month later, Walker filed a Motion to Amend Petition [15], seeking to add the following four grounds for relief:

1. The trial court erred in constructively amending Walker's indictment.

2. The trial court allowed the state to violate Petitioner Walker's right to be free from unreasonable search and seizure and denied Petitioner Walker a fair trial by introducing illegally obtained evidence from an illegal search and seizure.

3. Mississippi Code Annotated §§ 13-5-1 and 13-5-8 are unconstitutional and denied Walker the right to a jury venire of a fair cross-section of the community.

    4.    Mississippi failed to prove the statutory elements of Mississippi Code Annotated § 99-7-109 as well as the non-statutory factual allegations that Walker prepared and submitted fraudulent orders to the Greene County Circuit Court Clerk.

[15] at 1.

Respondent argues that the Motion to Amend should be denied based on futility of the amendment, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and Walker's failure to meet the burden of showing that the delay was due to oversight, inadvertence, or excusable neglect. *See Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981); *see also* [17] at 2-3. Petitioner has filed a Rebuttal. *See* [20]. For the reasons discussed below, the undersigned recommends that the Motion to Amend [15] be denied based on futility and that habeas relief be denied.

## II. DISCUSSION

At the outset, the Court notes that its review of Walker's conviction is circumscribed. Federal courts do not sit as "super" state supreme courts in habeas corpus proceedings to review errors under state law. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). Instead, "[a] state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 119 (1982)(citing 28 U.S.C. § 2254(a)).

Petitions for a writ of habeas corpus are governed by 28 U.S.C. § 2254. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the relevant portions of § 2254 provide as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A) the applicant has exhausted the remedies available in the courts of the State; or

>   (B)   (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>   (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>   (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall be not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(b)-(d)(1996).

Claims that are adjudicated on the merits by the state court, either in direct appeal or in a post-conviction proceeding, are subject to the highly deferential standard of review of the AEDPA. The Supreme Court has repeatedly emphasized that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect, but also "objectively unreasonable." *Id.* at 409. The Supreme Court has observed that "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). It is a "'highly deferential standard for evaluating state-court rulings' . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Although a petitioner may have presented the state court with what the federal court believes to be a "strong case for relief[, it] does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102.

    A. <u>Ground One:  Actual Innocence</u>

Walker asserts actual innocence, arguing that whereas the indictment charged the creation and sending of a fraudulent court order to Cecelia Bounds, the Circuit Clerk of Greene County, Bounds admitted at trial that she did not receive the order directly from Walker, but rather, from MDOC. [1] at 5. Therefore, Walker argues innocence on the ground that the state did not prove the actual sending of a fraudulent document to Bounds.

Even so, in habeas actions, this court does not grant habeas relief based on "freestanding claims of actual innocence." *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). "A claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Because Walker has failed to show that

the claim is "otherwise barred," the Court may not entertain this ground as an actual innocence claim.

However, broadly construed, this claim can be read as a challenge to the sufficiency of the evidence. A federal court's standard of review "for an insufficient evidence claim in a federal habeas corpus proceeding is 'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999)(quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). When applying this standard, a "federal habeas court refers to the state's criminal law for the substantive elements of the offense." *Id.* One must remember that "[o]nly *Jackson* need be satisfied, even if state law would impose a more demanding standard of proof." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992)(quoting *Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir. 1990)). Moreover, under *Jackson*, the federal court may find the evidence "sufficient to support a conviction even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Id.*

In this case, the jury was given an instruction that exactly tracked the language of the charging indictment and found Walker "guilty of fraudulent statements and representations." *See* [11-7] at 111, 115-116. The State was required to prove beyond a reasonable doubt that Walker (1)"with the intent to defraud the Circuit Court of Greene County" did (2) "unlawfully, willfully, feloniously, and intentionally make or use any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" and that Walker (3) "prepared and submitted to the Circuit Court clerk of Greene County . . . a court order" that

"contained the false signature of Judge Kathy King Jackson." [11-1] at 65; *see also* [11-7] at 111.

Reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of this charge beyond a reasonable doubt, despite conflicting inferences. Evidence showed that Walker, with the intent to defraud the Circuit Court of Greene County, willfully prepared the false order for submission to that court. The argument that Walker did not submit the false order directly to the Circuit Court Clerk is spurious, as evidence showed that, in violation of Miss. Code Ann. § 97-7-10, Walker prepared the false order, sent it to one government entity, which in turn, sent it to the Circuit Court Clerk. The jury also heard testimony and was presented record evidence that linked Walker to a phone that was used to call the Circuit Court Clerk of Greene County, and the caller inquired directly with the Clerk whether she had filed the subject order. The jury considered the evidence and found it sufficient to convict Walker of "fraudulent statements and representations." [11-7] at 116.

At this juncture, this court "must presume . . . that the trier of fact resolved any such conflicts [in testimony] in favor of the prosecution, and must defer to that resolution." *Cavazos v. Smith*, 132 S. Ct. 2, 6 (2011). Given these facts and the governing law, sufficient evidence existed to support Walker's conviction of "fraudulent statements and representations." Likewise, any argument that the verdict was against the weight of the evidence does not state a cognizable claim for habeas relief. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985); *Thompson v. Holman*, Civ. Action No. 4:09-cv-135-DPJ-FKB, 2013 WL 435972, at *2 (S.D. Miss. Jan. 16, 2013). Accordingly, this ground fails to form the basis of habeas relief.

B. <u>Improper Jury</u>

Walker argues that the jury was improper, claiming that the jury was "all white" and "had only 2 to 3 African American persons." [1] at 7. Walker also argues that there were "no African American males" and "no males or persons in [Walker's] age range." *Id.*

Walker presented this argument to the Mississippi Court of Appeals, which found that Walker failed to show a prima facie violation of the Sixth Amendment's requirement that juries be drawn from a fair cross-section of the community, as set forth in *Duren v. Missouri*, 439 U.S. 357, 364 (1979). Citing *Duren*, the Mississippi Court of Appeals found that Walker failed to show

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under representation is due to systemic exclusion of the group in the jury selection process.

*Walker*, 340 So. 3d at 371 (citing *Duren*, 439 U.S. at 364).

In this case, the decision of the Mississippi Court of Appeals was not an unreasonable application of clearly established federal law, as determined by the Supreme Court. *See Williams*, 529 U.S. at 403. While the appellate court found that the first prong of *Duren* had been satisfied, it found that Walker failed to make the required showings for the second and third prongs. As for the second prong, the court found that Walker fell "remarkably short" by failing "to provide the trial court with any data or evidence that African Americans, individuals between the ages of twenty-one and thirty, or indigent individuals were underrepresented on jury venires compared to the number of those persons in Greene County." *Walker*, 340 So. 3d at 372. As for the third prong, the appellate court found that Walker failed to offer any proof that the underrepresentation of these groups was due to systemic exclusion from the jury selection

12

process. *Id.* Moreover, the appellate court found that Walker failed to preserve for appeal the trial court's denial of a request to "get some of this information" on the eve of trial because Walker failed to make a proffer of purported inmate statements regarding "systemic exclusion in the jury selection process." *Id.* (citing Miss. R. Evid. 103(a)(2)). Even so, the appellate court reviewed the issue for "plain error" and found none. *Id.* at 373. Because the application of *Duren* by the Mississippi Court of Appeals was "far from 'unreasonable,'" this argument does not form the basis for habeas relief. *See Berghuis v. Smith*, 559 U.S. 314, 333 (2010)(discussing that "*Duren* first and foremost required [habeas petitioner] to show that the underrepresentation complained of was 'due to systematic exclusion.'"); *see also Harrington*, 562 U.S. at 101.

C. Motion to Amend

The Court now turns to grounds for relief set forth in Walker's Motion to Amend [15]. As discussed below, the Court finds that the Motion should be denied based on "futility of amendment." *See Foman*, 371 U.S. at 182 (discussing bases for denial of amendments to complaints).

(1) Whether the trial court erred in constructively amending Walker's indictment.

On direct appeal, Walker argued that the trial court erred by constructively amending the indictment. [12-5] at 28. Walker argues that the indictment was for preparing a court order containing a false signature of a judge and submitting it to the Circuit Court Clerk of Greene County, Cecelia Bounds. *Id.* However, at trial, the evidence established that Walker sent the order to an MDOC employee, not to Bounds. *Id.* Walker asserts that for this reason, at the close of the State's case, the State moved to amend the indictment to conform to the proof. *Id.* Walker contends that the trial court did not formally grant the motion, but instead constructively

13

amended the indictment by denying Walker's request for a peremptory instruction, motion for directed verdict, and motion for judgment notwithstanding the verdict on this issue. *Id.* at 29.

"A constructive amendment occurs when it permits the defendant to be convicted upon a factual basis that effectively modifies an essential element of the offense charged or permits the government to convict the defendant on a materially different theory or set of facts than that with which [he] was charged." *United States v. McMillan*, 600 F.3d 434, 450 (5th Cir. 2010). If a constructive amendment occurs, reversal is automatic. *United States v. Adams*, 778 F.2d 1117, 1123 (5th Cir. 1985). In this case, Walker cannot show conviction on a materially different theory or set of facts than that charged in the indictment.

Moreover, review of this claim on federal habeas is pretermitted. "The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). A "federal habeas court will not consider such claims '[w]hen it appears . . . that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case. . . .'" *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985)(quoting *Murphy v. Beto*, 416 F.2d 98, 100 (5th Cir. 1969)).

The Mississippi Court of Appeals considered this argument on direct appeal and concluded that the indictment "plainly put [Walker] on notice that he was charged with violating section 97-7-10 ("False Representations to Defraud Government")." *Walker*, 340 So. 3d at 354. The appellate court further found that the "indictment contained the essential elements of that crime, and the factual allegation that the fraudulent order was submitted to the Greene County

14

Circuit Court Clerk was not a necessary or essential element of the charge." *Id.* The Mississippi Supreme Court denied certiorari review. Accordingly, because the highest court of the State of Mississippi reviewed the sufficiency of the indictment, review of this claim is barred. Accordingly, Petitioner's Motion to Amend to add this claim should be denied as futile. *Foman*, 371 U.S. at 182.

    (2) <u>Whether the trial court erred by introducing evidence from a search and seizure.</u>

Walker argues that the trial court allowed the State to violate the right to be free from unreasonable search and seizure and denied Walker a fair trial by introducing illegally obtained evidence from an illegal search and seizure. [15] at 1. Walker argues that MDOC investigators and the investigator with the Greene County District Attorney's office should have first obtained a search warrant to search the phone that was found in Walker's possession or obtained Walker's consent to search the phone.

Walker presented this argument to the Mississippi Court of Appeals, which surveyed federal law to conclude that no Fourth Amendment violation occurred when the trial court allowed introduction of evidence obtained from a warrantless search of Walker's cell phone. *Walker*, 340 So. 3d at 357-358. Based on *Hudson v. Palmer*, 468 U.S. 517, 526 (1984), the appeals court laid the foundation that a prisoner has no "legitimate . . . . subjective expectation of privacy . . . in his prison cell," and therefore, "the Fourth Amendment proscription against unreasonable searches does not apply" in the prison context. *Walker*, 340 So. 3d at 357 (quoting *Hudson*). Finding no Mississippi cases on point, the court looked to federal cases and observed that the privacy rights of supervised releasees and parolees are circumscribed such that warrantless searches of their cell phones do not violate the Fourth Amendment. *Id.* at 358 (citing *United States v. Jackson*, 866 F.3d 982 (8th Cir. 2017)(supervised releasee); *United States v.*

*Johnson*, 875 F.3d 1265 (9th Cir. 2017)(parolee); *United States v. Hathorn*, 920 F.3d 982 (5th Cir. 2019)(allowing warrantless search of supervised releasee's cell phone upon reasonable suspicion)). The court pointed out that possession of a cell phone by an inmate is unlawful in Mississippi. *Id.* at 359 (citing Miss. Code. Ann. § 47-5-193 (Rev. 2015)). Considering that the privacy rights of prison inmates with regard to cell phones are even more circumscribed than those of supervised releasees and parolees, the appeals court concluded that Walker "had no legitimate privacy interest in the contents of the contraband cell phone and that . . . . the warrantless search of the contraband cell phone did not violate Walker's rights under the Fourth Amendment . . ." or the Mississippi Constitution. *Id.* at 359.

Because this point raises a question of law, this court's review is limited to determining whether the state court's ruling involved an unreasonable application of clearly established federal law. In this case, the decision of the Mississippi Court of Appeals was not an unreasonable application of clearly established federal law, as determined by the Supreme Court. *See Williams*, 529 U.S. at 362. The undersigned finds that no federal constitutional error occurred, and the state court's interpretation of these cases was objectively reasonable. As no constitutional error occurred, this ground could not form the basis of habeas relief. Accordingly, Petitioner's Motion to Amend to add this claim should be denied as futile. *Foman*, 371 U.S. at 182.

(3) <u>Whether Mississippi Code Annotated §§ 13-5-1 and 13-5-8 are unconstitutional.</u>

Walker seeks to amend the petition to argue that two Mississippi statutes, §§ 13-5-1 and 13-5-8, are unconstitutional and denied Walker's right to a jury venire of a fair cross-section of the community. On direct appeal, Walker argued that § 13-5-1 violates the Fourteenth Amendment because it excludes people ages 18 to 20 from jury service. *See* [12-5] at 128; Miss.

16

Code Ann. § 13-5-1 (A "competent juror" includes "[e]very citizen not under the age of twenty-one years," who also meets certain other qualifications.).   Walker also challenged the constitutionality of § 13-5-8 because it provides that the jury master list will be drawn from the voter registration list for the county.  [12-5] at 127-128.  Without any evidentiary support, Walker argued that prior jury lists reveal a "history and pattern of intentional[], discriminatory and systematic exclusion of young adults, poor persons, and black people" such that the list does not represent a fair cross-section of the population of Greene County.  *Id.* at 128-129.  Finding that these statutes do not violate the state or federal constitution, and noting that Walker failed to point to evidence in the record supporting these assertions, the Mississippi Court of Appeals concluded that Walker's challenge to the statutes was without merit.  *Walker*, 340 So. 3d at 371.

Because this point raises a question of law, this court's review is limited to determining whether the state court's ruling involved an unreasonable application of clearly established federal law.  The undersigned finds that it does not. A criminal defendant is not "entitled to a jury, jury wheel, pool of names, panel, or venire of any particular composition, and there is no requirement that those bodies 'mirror the community and reflect the various distinctive groups in the population.'"  *Hearn v. Cockrell*, 73 F. App'x 79 (5th Cir. 2003)(quoting *Taylor*, 419 U.S. 522, 538 (1975)).  Furthermore, Walker has failed to point to "a United States Supreme Court decision that mandates relief on this issue, as there is no clearly established federal law that invalidates Mississippi's requirements for jury service."  *Simmons v. Epps*, No. 1:04-cv-496-HSO, 2008 WL 4446615, at *52 (S.D. Miss. Sept. 26, 2008), *aff'd*, 654 F.3d 526 (5th Cir. 2011).  Likewise, Walker has failed to point to clearly established federal law that invalidates the constitutionality of § 13-5-8, which provides the procedure for the composition of the jury

17

master list.  As the state court's ruling was not an unreasonable application of clearly established federal law, this ground could not form the basis of habeas relief.  Accordingly, Petitioner's Motion to Amend to add this claim should be denied as futile.  *Foman*, 371 U.S. at 182.

> (4) <u>Whether Mississippi failed to prove the statutory elements of Miss. Code Ann. § 97-7-10 as well as the non-statutory factual allegations that Walker prepared and submitted fraudulent orders to the Greene County Court Clerk.</u>

In this proposed ground for relief, Walker directly attacks the sufficiency of the evidence supporting the conviction.  As discussed above in Ground One, Petitioner made this argument to the Mississippi Court of Appeals, which examined the required statutory elements of the charge in detail to find "that the jury heard sufficient evidence to 'make logical and reasonable inferences' that Walker was guilty of violating section 97-7-10 in this case."  *Walker*, 340 So. 3d at 351 (citation omitted).  As the undersigned concluded above, sufficient evidence existed to support Walker's conviction of "fraudulent statements and representations."  Put another way, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Hughes*, 191 F.3d at 619 (quoting *Jackson*, 443 U.S. at 319).  Accordingly, Petitioner's Motion to Amend to add this claim should be denied as futile.  *Foman*, 371 U.S. at 182.

III.  <u>CONCLUSION</u>

Walker has failed to establish that the state court's adjudication of the claims in the petition was contrary to, or involved an unreasonable application of, clearly established Supreme Court law or was based on an unreasonable determination of the facts.  Furthermore, for the reasons stated above, the undersigned finds that the Motion to Amend [15] should be denied as futile. Accordingly, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 26th day of May, 2023.

/s/ F. Keith Ball                              .
UNITED STATES MAGISTRATE JUDGE