IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEMARIO DONTEZ WALKER**                                                    **PETITIONER**
*also known as* **KIRIYAMA Z.**
**SAN GIVONNI**


v.                                                                  Civil No. 1:22cv237-HSO-FKB


**DERRICK CHAMBERS**                                                         **RESPONDENT**

### MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATIONS [28] OF THE UNITED STATES MAGISTRATE JUDGE; DENYING PETITIONER DEMARIO DONTEZ WALKER ALSO KNOWN AS KIRIYAMA Z. SAN GIVONNI'S MOTION [15] TO AMEND PETITION [1]; AND DISMISSING PETITIONER DEMARIO DONTEZ WALKER ALSO KNOWN AS KIRIYAMA Z. SAN GIVONNI'S PETITION [1] UNDER 28 U.S.C § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

BEFORE THE COURT is the Report and Recommendations [28] of United States Magistrate Judge F. Keith Ball, which recommends dismissing Petitioner Demario Dontez Walker, also known as Kiriyama Z. San Givonni's, Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, and denying Walker's Motion [15] to Amend Petition [1]. Petitioner has not filed any objections.

After due consideration of the Report and Recommendations [28], the record, the parties' filings, and relevant legal authority, the Court finds that that the Report and Recommendations [28] should be adopted as the finding of the Court, that Walker's Motion [15] to Amend Petition [1] should be denied as futile, and that

1

Walker's Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody should be dismissed with prejudice.

## I. BACKGROUND

In this action, Petitioner Demario Dontez Walker, also known as Kiriyama Z. San Givonni ("Petitioner" or "Walker"), challenges her[1] conviction in the Circuit Court of Greene County, Mississippi, on one count of making false statements and representations with the intent to defraud the State, in violation of Mississippi Code Ann. § 97-7-10. Pet. [1] at 1.

A.  Factual and procedural history

This conviction arose from a series of communications received by Alicia Box ("Box"), the chief records officer for the Mississippi Department of Corrections ("MDOC") at the South Mississippi Correctional Institute ("SMCI"), and by Cecelia Bounds ("Bounds"), the Greene County Circuit Court Clerk. *See Walker v. State*, 340 So. 3d 335, 343-44 (Miss. Ct. App. 2021). At the time of the underlying events, Walker was incarcerated at SMCI.

On June 15, 2017, an individual who identified herself as a court official contacted Box to request documents from Walker's prison records. *Id.* at 343; State Ct. R. ("SCR") [11-13] at 56. Box later testified that the caller asked her to email the documents to "court.doc.orders@usa.com," SCR [11-13] at 56-57, 59, but she informed the caller that she was unable to provide some of the requested records,

---

[1] Walker, who has an extensive history of litigation in this Court, is transgender and uses feminine pronouns, *see* Resp. [18]; *Walker v. Jenkins*, No. 1:20cv197-HSO-RPM, 2023 WL 2186434, *1 n.1 (S.D. Miss. Feb. 23, 2023); *Walker v. Hunt*, No. 1:19-cv-246-LG-RPM, 2022 WL 17484273, at *2-4 (S.D. Miss. July 12, 2022), though the state court records refer to Walker using masculine pronouns.

2

*id.* at 58-59. Later that morning, Box received a response from the "court.doc.orders@usa.com" email address with an attached uncertified order purportedly electronically signed by Senior Circuit Judge Kathy King Jackson. *Walker*, 340 So. 3d at 343-44. This order vacated the conviction and sentence of inmate Horace Ervin. *Id.*; *see* SCR [12-1] at 19. Box forwarded the order to MDOC's records office. SCR [11-13] at 60.

The following day, Box received another email from the same email address with another order. *Id.* at 61. This order, also purportedly signed by Judge Jackson, purported to be entered in a civil case "DeMario D. Walker Versus Marshall Turner, et al. Cause Number: 2017-0004" in the Circuit Court of Greene County, and was entitled "Order Granting Motion to Prodive [sic] Records, Granting Motion For Legal Assistance, and Granting Motion For Summary Judgment." SCR [12-1] at 20. It ordered

> MDOC records Director Alicia Box and Jawaski Mallett [to] provide the Plaintiff, Demario Walker with a full and complete copy of his prison record, to include all Disciplinary records, Classification Records, Medical Records, Detention Notices and any and all other documents as it relates to this Plaintiff. The Records shall be provided at no cost to the Plaintiff upon reciept [sic] of this order or no less than 14 days

SCR [12-1] at 20. The order also directed the Office of Inmate Legal Assistance to assist Walker in preparing pleadings and granted in part Walker's motion for summary judgment. *Id.* at 20-21. Box also forwarded this email to the relevant departments. SCR [11-13] at 62.

Bounds testified that she received a call on June 16, 2017, from a non-local area code from an individual who claimed to be Walker's representative. *Id.* at 27.

The caller asked if an order had been filed in one of Walker's cases, and Bounds stated that she was unable to provide that information over the phone. *Id.* A little later, Bounds received another call from the same number, this time claiming to be an MDOC representative, again asking if an order had been filed in one of Walker's cases. *Id.* at 28. Bounds testified that "it seemed to be an inmate that was calling from the prison," and that the caller's voice "was very similar to Mr. Walker's." *Id.* at 28, 40.

Subsequently, Bounds was contacted by Box who asked her to verify the validity of the emailed orders. *Id.* at 29, 62-63. Bounds informed Box that the civil case number in the second order was not the correct case number. *Id.* at 30, 63, 66. Bounds also realized that the orders were fraudulent because they were supposedly electronically signed by Judge Jackson, and "Judge Jackson doesn't do anything electronically and . . . would never send [the clerk] an order that would have slash, S, slash, Kathy King Jackson." *Id.* at 30; *see* SCR [12-1] at 19, 21. Judge Jackson also testified that she only enters orders with handwritten or stamped signatures, and that the orders were fake. SCR [11-13] at 48-51.

After learning that the orders were fraudulent, Box notified her supervisor and contacted MDOC's Criminal Investigations Division ("CID") about the emails. SCR [11-13] at 63. Bounds also warned MDOC and the Greene County district attorney's office that she believed an inmate was creating fake orders. *Id.* at 32-33.

MDOC officials decided to search Walker and her property. *Id.* at 91, 111. They informed Walker that she was being moved and directed her to pack her

4

belongings. *Id.* at 69. Officer Adrian Keys searched Walker and "found a charger between [Walker's] legs." *Id.* at 71. The officers also found a cell phone wrapped in cellophane inside a coffee cup containing coffee. *Id.* at 94, 103-04, 109. MDOC officials extracted the contents of the cell phone and found the supposed order from Walker's civil case, the order vacating Horace Ervin's conviction and sentence, other text messages and documents containing Walker's name, phone calls to SMCI, and contact numbers for Walker's family. *Id.* at 113-118, 140-41, 145-48.

Walker was indicted for violating Mississippi Code Ann. § 97-7-10 by preparing and submitting a fraudulent court order with the intent to defraud the Circuit Court of Greene County. SCR [11-1] at 65. Walker proceeded pro se at trial with advisory counsel, and the jury found Walker guilty of making fraudulent statements and representations. SCR [11-7] at 116; [11-16] at 82. Pursuant to Mississippi Code Ann. § 99-19-81, the trial court sentenced Walker as a non-violent habitual offender to five years' imprisonment to be served consecutive to her other sentences and without the possibility of parole, early release, or other reduction in sentence. SCR [11-16] at 87, 91.

Walker appealed her conviction and sentence. Through counsel, she challenged the sufficiency of the evidence and the trial court's finding that Walker had opened the door to permit evidence of other crimes or bad acts. SCR [12-5] at 3. Walker also filed a pro se brief and a supplemental brief raising additional claims of error. *See id.* at 27-63, 124-28. Of relevance here, Walker argued that the trial court should have suppressed the cell phone's contents; that the State failed to prove that

5

she had submitted the orders to the Greene County Circuit Court Clerk as alleged in the indictment, and as such the trial court had permitted the State to constructively amend the indictment; that the composition of the jury venire did not fairly represent the citizens of Greene County; and that Mississippi Code §§ 13-5-1 and 13-5-8 are unconstitutional. *Id.* The Mississippi Court of Appeals affirmed Walker's conviction, *Walker*, 340 So. 3d at 373, and denied her request for rehearing, SCR [12-4] at 82. Walker then sought review from the Mississippi Supreme Court, which denied certiorari on June 2, 2022. SCR [12-4] at 2.

On June 29, 2022, Walker filed an application in the Mississippi Supreme Court for leave to seek post-conviction relief, which mostly reasserted claims from the direct appeal. Ex. [22-2] at 1, 4-31. While that application was pending, Walker filed a motion for post-conviction relief on July 6, 2022, in the Circuit Court of Greene County, which dismissed Walker's petition for lack of jurisdiction because she had not first obtained an order from the Supreme Court of Mississippi permitting her to file such motion. Att. [24]. The Mississippi Supreme Court denied her application on November 10, 2022, after the present Petition [1] was filed in this Court. Ex. [22-3].

B.   The present Petition [1]

Walker filed the present Petition [1] on September 6, 2022. The Petition [1] asserts that Walker is actually innocent, and that her jury was improper because the jury was an "all white jury and had only 2 to 3 African American persons" and

6

"had no African American males, no males or persons in [Walker's] age range." Pet. [1] at 5, 7.

Walker's "actual innocence" claim centers on the indictment, which charged that Walker

> in Greene County, Mississippi, on or between June 15, 2017 and June 16, 2017, with the intent to defraud the Circuit Court of Mississippi, did unlawfully, willfully, feloniously, and intentionally make or use any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, to-wit: *prepared and submitted to the Circuit Court clerk of Greene County, Mississippi*, a court order Granting Motion to Provide Records, Granting Motion for Legal Assistance, and Granting Motion for Summary Judgment, which contained the false signature of Judge Kathy King Jackson, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

SCR [11-1] at 65 (emphasis added). Walker argues that the evidence at trial revealed that the order was submitted to Box, the chief records officer for MDOC, not Bounds, the Circuit Court Clerk, and as a result, the State did not prove all of the factual allegations in the indictment. Pet. [1] at 5.

In response, the State argues that the Mississippi Court of Appeals did not act unreasonably in determining that Mississippi Code Ann. § 97-7-10 only required proof that Walker made or used a fraudulent order with the intent to defraud, and therefore the State did not need to prove that Walker submitted the order directly to the Greene County Circuit Court Clerk. Answer [10] at 22 (citing *Walker*, 340 So. 3d at 348-50). It further contends that it provided sufficient proof of all required elements of the offense, as the Mississippi Court of Appeals found on appeal. *Id.* at 23-28.

Regarding Walker's challenge to the jury, the State asserts that the Court of Appeals did not unreasonably apply federal law in finding that Walker has not shown that the number of black persons in the jury venire was not fair and reasonable in relation to the number of black residents of Greene County, or that black individuals were systematically excluded from the jury-selection process. *Id.* at 30-37.

In Reply [18], Walker argues that she was not given proper notice in the indictment that she was being charged with sending a fraudulent order to MDOC, and she reasserts her arguments that there was insufficient evidence to support her conviction. *See generally* Reply [18].

C.    The Motion [15] to Amend

Walker has also filed a Motion [15] to Amend the Petition [1], which attempts to assert four additional grounds for relief: (1) the trial court constructively amended the indictment; (2) the trial court erred by failing to suppress the contents of the cell phone which was obtained from a warrantless search; (3) Mississippi Code §§ 13-5-1 and 13-5-8 violate the United States Constitution by excluding persons aged 18 to 20 from jury service and drawing the jury master list from voter registration lists; and (4) the State failed to prove that Walker submitted the fraudulent order to the Greene County Court Clerk. Mot. [15] at 1.

The State argues that Walker's Motion [15] should be denied. Resp. [17]. First, it contends that Walker's challenge to the indictment and the unlawful search are not grounds for federal habeas relief. *Id.* at 1-2. In addition, the State contends

8

that any attempt to amend is untimely because it was made after the State filed its Answer [10], and Walker has not shown that the omission of these grounds was due to inadvertence or excusable neglect. *Id.* at 3.

Walker replies that she was unable to include these grounds in the initial Petition [1] because she "did not have access to her trial court and appellate documents at the time she filed her petition in this cause, and the Mississippi Department of Corrections had the records in storage due to [its] policy of not allowing inmates to have more than six (6) inches of legal files in their possession." Reply [20] at 3.

D.   The Report and Recommendations [28]

On May 26, 2023, the Magistrate Judge entered a Report and Recommendations [28], recommending that the Petition [1] be dismissed with prejudice and that the Motion [15] to Amend be denied as futile. R. & R. [28] at 1, 13. Regarding Walker's Petition [1], the Magistrate Judge found that there is no freestanding "actual innocence" claim under federal habeas, and even if Walker's claim is construed as a challenge to the sufficiency of the evidence, any rational trier of fact could have found that the evidence at trial proved the essential elements of the offense beyond a reasonable doubt. *Id.* at 9-11. The Magistrate Judge also determined that Walker had not shown that the state court unreasonably applied federal law in rejecting her challenge to the jury venire. *Id.* at 12-13.

As for the Motion [15] to Amend, the Magistrate Judge determined that none of the grounds raised by Walker could support habeas relief and thus amendment would be futile. Specifically, the Report and Recommendations [28] noted that Walker has not shown that the indictment was constructively amended or that she was not given sufficient notice of the offense charged, *id.* at 14-15, and that the state court did not unreasonably apply federal law in determining that no unlawful search had occurred, *id.* at 15-16. The Magistrate Judge also concluded that the state court did not unreasonably apply federal law in denying Walker's challenges to the constitutionality of Mississippi Code Ann. §§ 13-5-1 and 13-5-8, *id.* at 16-17, and that the final ground in the Motion [15] to Amend effectively reasserted the sufficiency of the evidence challenge and was meritless, *id.* at 18.

Any objection to the Report and Recommendations [28] was initially due on or before June 9, 2023. At Walker's request, the Court extended the deadline until June 23, 2023, and noted that "[n]o additional extension of time will be granted." Text Only Order, June 12, 2023 (emphasis removed). No objections have been received by the Court.

## II. DISCUSSION

A.  Standard of review

1.  28 U.S.C. § 636(b)(1)(B)

Where a party objects to a magistrate judge's proposed findings and recommendations, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991) (holding that a party filing written objections is "entitled to a de novo review by an Article III judge as to those issues to which an objection is made"). However, a court is not required to make new findings of fact in order to conduct a de novo review, *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge," *Koetting v. Thompson,* 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Where there has been no objection to a magistrate judge's ruling, however, a clearly erroneous, abuse of discretion, and contrary to law standard applies. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After conducting the required review, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

2.  <u>28 U.S.C. § 2254</u>

The Court's review of Walker's habeas claims is governed by 28 U.S.C. § 2254. Pursuant to § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

11

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent when it applies a rule that contradicts that precedent or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. To show an unreasonable application, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (quotation omitted).

B.     Analysis

Walker has not filed any objections to the Report and Recommendations [28], and the time for doing so has passed. Accordingly, the Court need only review the Report and Recommendations [28] under the clearly erroneous, abuse of discretion, and contrary to law standard. *Wilson*, 864 F.2d at 1221. Having conducted this required review, the Court concludes that the Report and Recommendation [28] is neither clearly erroneous nor contrary to law, and that the Magistrate Judge's Report and Recommendations [28] should be adopted as the opinion of this Court. All of Walker's grounds for relief were presented to the state courts, which denied them on the merits. *See generally* Pet. [1]; Mot. [15]; *Walker*, 340 So. 3d 335. Walker has not shown that the state court's adjudication of these claims was contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts.[2] *See* 28 U.S.C. § 2254(d). As such, Walker's Petition [1] should be dismissed with prejudice and her Motion [15] to Amend should be denied as futile.

## III. CONCLUSION

To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not

---

[2] The Court also notes that because Walker had a full and fair opportunity to litigate her unlawful search claim in state court, she "may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at [her] trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976); *see also Walker*, 340 So. 3d at 357 (noting that Walker had filed several motions to suppress the contents of her cell phone which were denied by the trial court); SCR [11-2] at 77-78; [11-4] at 106; [11-5] at 114.

13

alter the result. The Court concludes that the Report and Recommendations [28] should be adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendations [28] entered by United States Magistrate Judge F. Keith Ball, in this case on May 26, 2023, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Demario Dontez Walker, also known as Kiriyama Z. San Givanni's, Motion [15] to Amend Petition [1] is **DENIED** as futile.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Demario Dontez Walker, also known as Kiriyama Z. San Givanni's, Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody is **DISMISSED WITH PREJUDICE**. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 10th day of July, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE